# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN MAURICE DEAN,<br><br>                  Plaintiff,<br><br>v.<br><br>GARY D. WOODBURY,<br><br>                  Defendant. | Case No. 3:22-CV-00262-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Sean Maurice Dean's ("Dean"), application to proceed *in forma pauperis* (ECF No. 1), his complaint, (ECF No. 1-1), and his motion for appointment of counsel, (ECF No. 1-2). For the reasons stated below, the Court recommends that Dean's *in forma pauperis* application, (ECF No. 1), be denied as moot, his complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend, and his motion for appointment of counsel, (ECF No. 1-2), be denied as moot.

## I.    *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made

---

[1]     This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Dean cannot pay the filing fee. (*See* ECF No. 1 at 4.) However, because the Court recommends that this case be dismissed without prejudice and without leave to amend, the Court recommends that the motion be denied as moot.

## II. SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom*

*Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.    SCREENING OF COMPLAINT

In his complaint, Dean sues Defendant Attorney Gary D. Woodbury ("Woodbury") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) The complaint relates to Dean's underlying state criminal case and conviction. (*Id.*) Dean alleges that Woodbury violated Dean's constitutional rights to a fair and impartial jury and discriminated against Dean by reason of his race. (*Id.* at 3.) Dean asserts two claims and seeks declaratory and monetary relief. (*Id.* at 20-22.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation

1    of a federally-protected right by (2) a person or official who acts under the color of state
2    law. *Anderson*, 451 F.3d at 1067.

3    However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Here, Dean is directly challenging his criminal defense attorney's conduct and thus the constitutionality of Dean's state court criminal conviction. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983.

Dean attaches to his complaint an opinion from the Nevada Supreme Court regarding his postconviction petition for habeas corpus dated January 13, 2022. (ECF No. 1-1 at 25-33.) The Nevada Supreme Court found that statements Defendant Woodbury made during Dean's criminal trial, "impermissibly tainted the jury pool by

introducing racial invective into the proceedings. Counsel's performance fell below an objective standard of reasonableness and prejudiced the defense." (*Id.* at 33.) Thus, the Nevada Supreme Court reversed the district court's order denying Dean's postconviction habeas petition and remanded the matter for further proceedings. (*Id.*) However, to proceed with an action for damages under 42 U.S.C. § 1983, Dean must be able to show that his conviction or sentence was reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 489 (Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.). While Dean has obtained a favorable ruling from the Nevada Supreme Court as to his habeas petition, the Nevada Supreme Court remanded his case for further proceedings, they did not grant the petition outright such that his conviction has been invalidated. Accordingly, at this time, Dean's complaint is premature and thus, the Court, recommends that the complaint be dismissed without prejudice and without leave to amend.

In light of this Report and Recommendation, the Court recommends Dean's motion for appointment of counsel, (ECF No. 1-2), be denied as moot.

## IV.  CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Dean's application to proceed *in forma pauperis*, (ECF No. 1), be denied as moot, his complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend, and his motion to move case, (ECF No. 1-2), be denied as moot.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Dean's application to proceed *in forma pauperis*, (ECF No. 1), and his motion for counsel, (ECF No. 1-2), be **DENIED AS MOOT**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that Dean's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**DATED**: July 15, 2022.

_____
UNITED STATES MAGISTRATE JUDGE