UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN MAURICE DEAN,<br><br>       Plaintiff,<br> v.<br>GARY D. WOODBURY,<br><br>       Defendant. | Case No. 3:22-cv-00262-ART-CLB<br><br>ORDER |

  *Pro se* Plaintiff Sean Maurice Dean ("Dean") brings this action under 42 U.S.C. § 1983 against Defendant Attorney Gary D. Woodbury ("Woodbury"), his former counsel. (ECF No. 1.) Before the Court is Magistrate Judge Baldwin's Report and Recommendation (ECF No. 4), Dean's motion for leave to file late objections to the R&R (ECF No. 5), and Dean's motion for leave to add defendants (ECF No. 8). For the reasons stated below, the Court adopts the R&R, grants Dean's motion to file late objections to the R&R and denies Dean's motion to add defendants as moot.

  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The complaint relates to Dean's underlying state criminal case and conviction. Dean alleges that Woodbury violated Dean's constitutional rights to a fair and impartial jury and discriminated against Dean by reason of his race. Dean asserts two claims and seeks declaratory and monetary relief. Magistrate Judge Baldwin recommends that Dean's application to proceed in forma pauperis, (ECF No. 1), and his motion for counsel, (ECF No. 1-2), be denied as moot.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). An inmate cannot rely on Section 1983 to overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to circumvent the procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment

in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Here, Dean is directly challenging his criminal defense attorney's conduct and thus the constitutionality of Dean's state court criminal conviction. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983.

Dean attaches to his complaint an opinion from the Nevada Supreme Court regarding his postconviction petition for habeas corpus dated January 13, 2022. (ECF No. 1-1 at 25-33.) The Nevada Supreme Court found that statements Defendant Woodbury made during Dean's criminal trial, "impermissibly tainted the jury pool by introducing racial invective into the proceedings. Counsel's performance fell below an objective standard of reasonableness and prejudiced the defense." (*Id.* at 33.) Thus, the Nevada Supreme Court reversed the district court's order denying Dean's postconviction habeas petition and remanded the matter for further proceedings. (*Id.*) To proceed with an action for damages under 42 U.S.C. § 1983, however, Dean must be able to show that his conviction or sentence was reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 489 (Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.).

The Court agrees with Magistrate Judge Baldwin that while Dean has obtained a favorable ruling from the Nevada Supreme Court as to his habeas petition, the Nevada Supreme Court remanded his case for further proceedings, they did not grant the petition outright such that his conviction has been invalidated. Accordingly, at this time, Dean's complaint is premature.

Dean's untimely objections, which the Court did consider, misconstrue the reasoning of the R&R. Dean reads the R&R to require an "unconditional" grant of habeas corpus or an order of release to overcome *Heck*. That was not what the R&R stated. The R&R found that Dean has not alleged that following remand by the Nevada Supreme Court the district court granted his writ of habeas corpus. It is for that reason that the R&R reasoned that his complaint was premature. The R&R did not find that Dean would have to be retried and acquitted or otherwise released to overcome *Heck*. Because Dean does not allege that the district court, on remand, granted his writ of habeas corpus his complaint is barred by *Heck* and premature.

The Court finds that the Dean's Complaint also fails on another ground because Dean's state appointed counsel is not a state actor for the purposes of § 1983. Woodbury was Dean's state appointed counsel, effectively his public defender. When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); United States v. De Gross, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992) (en banc); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Brillon*, 556 U.S. at 92; *Polk Cnty.*, 454 U.S. at 321. Because Woodbury was not a state actor the Complaint fails on an entirely separate basis than the basis articulated in the R&R.

The Court thus dismisses the Complaint without prejudice and without leave to amend.

IT IS THEREFORE ORDERED that Magistrate Judge Baldwin's Report and Recommendation (ECF No. 4) is accepted and adopted in full;

IT IS FURTHER ORDERED that that Plaintiff's application to proceed in forma pauperis, (ECF No. 1), and his motion for counsel, (ECF No. 1-2), be DENIED AS MOOT;

IT IS FURTHER ORDERED that the Clerk FILE the complaint, (ECF No. 1-1);

IT IS FURTHER ORDERED that Plaintiff's complaint, (ECF No. 1-1), is DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND;

IT IS FURTHER ORDERED that Plaintiff's motion for leave to add defendants is DENIED AS MOOT;

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and administratively close this case.

DATED THIS 27th Day of February 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE